**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| COMARK COMMUNICATIONS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 13-cv-30183-MAP** |
| ANYWAVE, LLC, ANYWAVE | ) | |
| COMMUNICATION TECHNOLOGIES | ) | |
| INC., PERRY PRIESTLY and | ) | |
| EDWARD KARAM, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION REGARDING**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Docket #18)**
**April 24, 2014**

Hennessy, M.J.

Plaintiff's Motion for Preliminary Injunction (Docket #18) has been referred to this Court

for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B) and Referral Order (Docket

#30).  For the reasons indicated below, I recommend that the motion for preliminary injunction

be DENIED without prejudice**.**

I.     <u>BACKGROUND</u>

Plaintiff Comark Communications, LLC ("Comark") has sued its former at-will

employees, Perry Priestly ("Priestly") and Edward Karam ("Karam") and their current employer,

Anywave, LLC and Anywave Communication Technologies, Inc. ("Anywave"), alleging

misappropriation of trade secrets, tortious interference with advantageous relations, breach of the

duty of loyalty , breach of the covenant of good faith and fair dealing, breach of contract,

violations of Mass. Gen. Laws Ch. 93A, §§ 2, 11, and negligent misrepresentation. Comark

sought to enjoin Defendants from using or disclosing Comark's trade secrets and confidential

information, soliciting or attempting to solicit Comark's current, former and potential customers, and providing any competitive services to any of Comark's customers, as well as to prohibit Defendants from transferring or conveying any of Defendants' assets. (Dockets #18, 21).

Defendants opposed the motion, filing their own affidavits and exhibits in support. (Dockets #23-#26). This Court scheduled a hearing on the preliminary injunction, and in recognition of a lack of specificity in Comark's injunction papers, it ordered Comark to provide details regarding the confidential information and/or trade secrets that were the basis for the proposed injunction. (Docket #32). Comark responded with a filing that narrowed its request for injunctive relief to cover only one area of confidential/trade secret information: Comark's ACT! database.[1] (Docket #34). According to Comark, "ACT! is a customer relationship management software application which is used to keep track of client and prospect details in a single database." (Id.). As proof that its database has been misappropriated, Comark merely asserted in its memorandum that it "is certain" that Priestly retained a copy of the ACT! database. (Id.). At the preliminary injunction hearing on April 14, 2014, the Court focused its inquiry on the database, and at the end of the hearing, ordered each of the Defendants to (1) search their property (electronic and

---

[1]  In this filing, Comark argued that the delay of several months between the time of the request for a preliminary injunction and the day of the hearing, had made the seeking of an injunction "a case of shutting the barn door after the horse has escaped." (Docket #34). While the Court acknowledges the hearing should have been conducted closer in time to the filing of the motion, the circumstances here do not suggest the delay has prejudiced Comark's arguments for an injunction. First, Comark realized its employees were plotting to leave and work with a competitor in August/September 2013, but Comark did not seek an injunction until January 2014. (Docket #18). A delay can detract from a movant's claim of irreparable harm. See Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 163 (1st Cir. 2004). Second, despite the delay, Comark has no stronger set of facts, or new developments, to support its argument for injunctive relief, e.g., results of a forensic analysis that show copying by Defendants, or a showing of a loss of customers to Defendants. See Advanced Micro Devices, Inc. v. Feldstein, 951 F. Supp. 2d 212, 216, n.3 (D. Mass. 2013). The Court concludes that Comark's protestations regarding the delay are unsubstantiated.

hard copy) to confirm they did not retain any property of Comark, including the ACT! database; and (2) file an affidavit with the Court affirming under oath they do not have any such property in their possession, custody or control.[2] (Dockets # 35, 36). On April 23, 2013, the Defendants filed their affidavits, and each of them affirmed under oath that they do not possess any property of Comark, including the ACT! database. (Dockets #38-1, 38-2, 38-3). Based on this record, the Court must determine whether urgent circumstances exist such that an injunction would be appropriate.

## II. <u>DISCUSSION</u>

The burden of establishing a factual basis to justify a preliminary injunction lies with Comark, the party seeking the injunction. <u>Nieves-Marquez v. Puerto Rico</u>, 353 F.3d 108, 120 (1st Cir. 2003). Under Fed. R. Civ. P. 65, Comark must demonstrate "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." <u>Id.</u> (citation omitted). The Court is free to accept as true "well-pleaded allegations [in the] complaint and uncontroverted affidavits." <u>Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc.</u>, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting <u>Elrod v. Burns</u>, 427 U.S. 347, 350, n.1 (1976)). A full evidentiary hearing in open court is not required to resolve a request for an injunction. <u>Aoude v. Mobil Oil Corp.</u>, 862 F.2d 890, 893 (1st Cir. 1988).

Comark fails at the first prong: likelihood of success on its misappropriation of trade secrets claim. To succeed under this claim, a plaintiff must show (1) the existence of a trade

---

[2] At the hearing, the Court also addressed Defendants' Motion to Dismiss (Docket #19). The Court took the motion under advisement, indicating it would likely be denied due to numerous factual issues presented in the parties' competing affidavits. A separate report and recommendation will issue regarding this motion.

secret; (2) that the plaintiff took reasonable steps to protect the secret; and (3) that the defendant acquired and used, by improper means or through breach of a confidential relationship, the trade secret. Blake v. Prof'l Coin Grading Serv., 898 F. Supp. 2d 365, 393 (D. Mass. 2012). At this stage, Comark has not shown that Defendants acquired and used any of Comark's trade secrets. Defendants have filed affidavits under oath that they do not possess Comark's property, including its confidential ACT! software. If Comark uncovers new facts to suggest otherwise, then Comark may request injunctive relief on that basis. Based on the current record, Comark has failed to demonstrate a likelihood that it will be injured if a preliminary injunction does not issue. See EchoMail, Inc. v. American Exp. Co., 378 F. Supp. 2d 1, 4 (D. Mass. 2005).

## IV.   CONCLUSION

For the reasons stated above, I RECOMMEND that the Motion for Preliminary Injunction (Document #18) be DENIED without prejudice.[3]


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[3]  The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within 14 (14) days after being served with a copy thereof.